IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-41216
Summary Calendar
_____


GUADULUPE SUSTAITA THOMPSON,
Individually and as Next Friend
of Jonathan Sustaita, a Minor,

                                        Plaintiff-Appellant,

versus

CITY OF GALVESTON, ET AL.,

                                        Defendants,

CITY OF GALVESTON,

                                        Defendant-Appellee.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-97-CV-246
- - - - - - - - - - -
August 31, 1998

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Guadalupe Sustaita Thompson, individually and as next friend
for Jonathan Sustaita, her minor son, appeals the district
court's dismissal of the civil rights complaint filed pursuant to
42 U.S.C. §§ 1983, 1985, and 1988, against the City of Galveston,
Texas, for failure to state a claim.  Among other things,

_____

        [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Thompson had alleged that Detectives Norman Giles and Philip Morris ("the detectives") were liable for false arrest, false imprisonment, malicious prosecution, and excessive force and that the City of Galveston was liable "under the `custom and practice' prong of 42 U.S.C. § 1983" for failing to curb its detectives' conduct. Thompson also argues that the district court erred in dismissing the city sua sponte.

If the district court erred in dismissing the city sua sponte, that error is harmless. Appellant does not appeal the district court's ruling that the detectives committed no constitutional violation. Given the district court's holding, there is no basis on which to hold the city liable for the actions of the detectives. City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the department regulations might have authorized the use of constitutionally excessive force is quite beside the point."). Accordingly, the judgment of the district court dismissing the city is AFFIRMED.